IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:07-CV- 00041-RLV-DCK

| | |
|---|---|
| MIDSTATE MILLS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEDLOCK PAPER CONVERTERS LIMITED, <br><br> Defendant. | **STIPULATED PROTECTIVE ORDER** |

WHEREAS, the parties to this action, Plaintiff Midstate Mills, Inc. ("Midstate") and Defendant Wedlock Paper Converters Limited ("Wedlock") (collectively, the "parties"), have stipulated that certain discovery material is and should be treated as confidential, and have requested that the Court enter a confidentiality order; and

WHEREAS, the Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court;

NOW, THEREFORE, IT IS STIPULATED by the parties, and ordered by the Court for good cause shown that the following provisions will govern pre-trial disclosure and use of all documents produced by either party during the course of this lawsuit:

1. <u>Scope.</u> All documents produced in the course of discovery, all responses to discovery requests, all deposition testimony and deposition exhibits, and any other materials which may be subject to discovery (collectively, the "documents") will be subject to this Order concerning confidential information, as set forth below. Pursuant to the parties'

agreement, Midstate has already produced to Wedlock a large number of documents in advance of formal discovery pursuant to a letter agreement on confidentiality. All such documents shall also be subject to the provisions of this Order.

2. <u>Form and Timing of Designation.</u> Confidential documents will be so designated by placing or affixing the word "CONFIDENTIAL" or the phrase "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER." Documents will be designated confidential prior to, or contemporaneously with, the production or disclosure of the documents. Documents that are inadvertently disclosed without being designated confidential may thereafter be designated confidential by promptly notifying the party receiving the information in writing that such information is confidential. The receiving party thereafter will treat the information as confidential and will take the steps it deems reasonably necessary to ensure that others who receive the information treat it as confidential.

3. <u>Documents That May Be Designated Confidential.</u> Any parties or third parties producing information may designate documents and other information produced to any party in this litigation and its counsel during the course of discovery as "CONFIDENTIAL" or "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" if such party or third party in good faith believes that such discovery material contains non-public, confidential, proprietary, commercially sensitive, or trade secret information that requires the protection provided in this Order. Information or documents that are available in or to the public may not be designated as confidential.

4. <u>Depositions.</u> All deposition testimony will be treated as confidential information during the initial thirty (30) days following receipt of the deposition transcript.

At the time the deposition is taken or within thirty (30) days after receipt of the transcript, the producing party will designate the testimony that it deems to contain confidential information. Such designation will be specific as to the portions to be protected. After the thirty (30) days have elapsed, only the testimony marked as "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" will be subject to the Court's Protective Order.

5. <u>Protection of Confidential Material.</u> Documents designated as "CONFIDENTIAL" or "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" under this Order, and the information contained therein, may not be used for any purpose whatsoever other than preparing for and conducting this litigation (including any appeal).

Absent the consent of the producing party or Order of the Court, documents designated "CONFIDENTIAL" or "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" under this Order, and the information contained therein, may not be disclosed to any persons other than (i) counsel for the parties and employees of counsel who have responsibility for the preparation and trial of this litigation; (ii) employees of the parties who have responsibility for the preparation and trial of this litigation or who otherwise need to know particular confidential information to make business decisions and judgments; (iii) consultants, investigators, or experts who have been retained to provide services in connection with the preparation and trial of this litigation; (iv) employees of insurers and/or reinsurers who have a need to know particular confidential information to conduct their business with the parties; and (v) actual or potential deponents or witnesses in this case who, in counsel's good-faith judgment, need to review particular confidential information in connection with their testimony or potential testimony. All persons in categories (iii) and (v) having access to any confidential information shall review this Protective Order and affirm in

3

writing that they agree to abide by its terms. Such written affirmations shall be retained by counsel.

Before counsel discloses any documents designated "CONFIDENTIAL" or "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" under this Order, or any information contained in such a document, to any other person, as permitted by this Order, counsel shall show that person a copy of this Order and shall inform him or her that it would be a violation of this Order for that person to use the document or information for any purpose other than preparing for and conducting the litigation, or for that person to disclose the document or information to any other person except as permitted by this Order.

Whenever counsel discloses a document designated "CONFIDENTIAL" or "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" under this Order to another person, as permitted by this Order, counsel will retrieve any and all copies of the document as soon as the person to whom the document has been disclosed has read the document, unless counsel determines in good faith that, in order to prepare for and conduct the litigation, it is necessary that the person to whom the document has been disclosed be permitted to retain a copy of the document, in which case all copies of the document shall be returned to counsel by the person to whom the document has been disclosed as soon as there no longer is a need for that person to retain a copy.

Counsel for the parties shall make reasonable efforts to prevent the unauthorized disclosure of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order.

All copies, duplicates, extracts, summaries, or descriptions (collectively, "copies") of documents designated as confidential under this Order or any portion of a document so

designated must be immediately affixed with the designation "CONFIDENTIAL" or "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" if the designation does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. <u>Filing of Confidential Materials.</u>  In the event a party seeks to file with the Court any material that is subject to protection under this Order, that party must take appropriate action to make sure that the documents receive proper protection from public disclosure, including: (i) filing a redacted document; (ii) where appropriate (*e.g.,* in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (iii) where the preceding measures are not adequate, filing the document under seal pursuant to the requirements of Local Rule 5.1(D)(3).

7. <u>Challenges to Designation as Confidential.</u>  The designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" is subject to challenge. The following procedures apply to any such challenge:

A party who contends that documents designated "CONFIDENTIAL" or "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" are not entitled to confidential treatment must give written notice to the party who affixed the designation of the specific basis for the challenge. In the event that the parties disagree about a designation, the parties will negotiate in good faith to resolve their differences. Such negotiations may include a discussion as to whether the document can be sufficiently redacted to avoid the designation of confidentiality. If the parties cannot resolve their differences without Court intervention, the party seeking to designate a document as "CONFIDENTIAL" or "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" will file an appropriate

motion with the Court to have the document designated as such. The burden of proving the necessity of the designation remains with the party asserting confidentiality.

Notwithstanding any challenge to the designation of documents as confidential, all material previously designated "CONFIDENTIAL" or "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" will continue to be treated as subject to the full protection of this Order until one of the following occurs:

    a. The party who claims that the documents are confidential withdraws such designation in writing;

    b. The party who claims that the documents are confidential fails to timely move for an Order designating the documents as confidential as set forth above; or

    c. The Court rules that the documents should no longer be designated as confidential information.

Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

8.    <u>Return or Destruction of Confidential Information.</u> The ultimate disposition of confidential information will be subject to a final order of this Court upon the completion of the litigation as to all parties and claims, including any appeals (the "final disposition"). Unless the Court orders otherwise and subject to the exception set forth below, a party in possession of confidential information must, no later than thirty (30) days after the final disposition of this litigation, destroy the confidential information. Counsel shall certify to the producing party and all counsel of record that the confidential materials have been destroyed. However, if any producing party desires that the confidential materials be returned to it in lieu of destruction, the producing party shall notify the other parties in writing no later than

fifteen (15) days after the final disposition of the litigation.  Counsel shall not be required to destroy or return copies of any papers filed with the Court that were not required to be filed under seal.

9. <u>Documents Filed Under Seal.</u>  The Clerk of Court may, at the conclusion of the litigation, including the conclusion of any appeal, return to counsel for the parties, or destroy, any materials filed under seal.  Before destroying any document filed under seal, the Clerk of Court will advise all parties of their option to accept destruction or return and will allow no less than thirty (30) days from issuance of the notice for counsel to respond.  In the absence of a response, the Clerk of Court may destroy documents filed under seal.

10. <u>Subpoena by Other Courts or Agencies.</u>  If another court or an administrative agency subpoenas or orders production of documents treated as confidential under this Order, which a party has obtained under the terms of this Order, such party must promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

11. <u>Order Subject to Modification.</u>  This Order will be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  This Order will not be modified, however, until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. <u>Persons Bound.</u>  This Order will take effect when entered and will be binding upon all counsel in this action and their respective law firms and clients.

**SO ORDERED:**

Signed: September 25, 2007

David C. Keesler
United States Magistrate Judge